**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James David Walker,<br><br>        Petitioner,<br>vs.<br><br>Dora B. Schriro, et al.,<br><br>        Respondents. | No. CV-06-1530-PCT-PGR<br><br>ORDER |

    Having reviewed *de novo* the exhaustive Report and Recommendation of Magistrate Judge Anderson in light of Petitioner's Objection to the Magistrate Judge's Report and Recommendation (doc. #24), the Court finds that the petitioner's objections are meritless and that the Magistrate Judge correctly concluded that the petitioner's Amended Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254, should be denied in its entirety.

    The petitioner was convicted of assaulting and murdering Carol Glazebrook, who died as a result of complications arising from the burns she suffered when the petitioner threw boiling water on her while she was walking into the kitchen of the trailer that they shared. The petitioner's defense was that Glazebrook burned herself when she knocked over a pot of boiling water on a stove while intoxicated. The petitioner's first objection to the Report and

Recommendation, to the extent that the Court understands it, is in part that the petitioner was denied a fundamentally fair trial because the trial judge manifestly erred by failing to hold a hearing pursuant to Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), prior to excluding a "splash test" videotape made by the petitioner's trial counsel's staff "reenacting" the crime that supposedly showed that the burns on Glazebrook could not have been made in the manner charged by the prosecution.  The trial judge excluded the evidence because it was disclosed in an untimely manner, because it would have been confusing and misleading to the jury, and because it was unreliable in that there was no indicia of the accuracy of the splash test experiments.

The Court rejects this objection because the petitioner failed to raise the issue as a claim in his amended petition, and because the Court has not been cited to anything in the record that establishes that the petitioner ever exhausted this particular claim by fairly presenting it to the state courts as part of his post-conviction relief procedures.[1]

In any case, even if the Court were to consider the merits of the claim, the claim does not present a sufficient basis on which to grant habeas relief.  Since the admissibility of evidence is generally a matter of state law, a state court's evidentiary ruling is not subject to federal habeas review under 28 U.S.C. § 2254 unless the ruling violates federal law, either by infringing on a specific federal

---

[1] While the petitioner raised the issue of the exclusion of the videotape in his first petition for post-conviction relief, the issue was raised solely in the context that his trial counsel rendered ineffective assistance because the splash test experiments had been precluded because they were not timely disclosed. The trial judge denied this post-conviction claim on the ground that the petitioner had not shown that the outcome of his trial would have likely changed even if the splash test evidence had been admitted.

constitutional or statutory provision or by depriving the defendant of the fundamentally fair trial guaranteed by due process.[2]  *See* Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).  While a criminal defendant has a due process right to receive a meaningful opportunity to present a complete defense, Holmes v. South Carolina, 547 U.S. 319, 324 (2006), there is no constitutional entitlement in a criminal case to present any evidence critical to a criminal defense and the introduction of relevant evidence can be limited by the state for a valid reason. *Id.* at 326 ("While the Constitution thus prohibits the exclusion of defense evidence under rules that serve no legitimate purpose or are disproportionate to the ends that they are asserted to promote, well-established rules of evidence permit trial judges to exclude evidence if its probative value is outweighed by certain other factors such as unfair prejudice, confusion of the issues, or potential to mislead the jury."); *see also*, Montana v. Egelhoff, 518 U.S. 37, 53 (1996).   In determining whether the exclusion of evidence violates the due process right to a fair trial or the Sixth Amendment right to present a defense, the Court looks to various factors: (1) the probative value of the excluded evidence as to the central issue; (2) the reliability of such evidence; (3) whether it is capable of evaluation by the trier of fact; (4) whether it is the sole evidence on the issue or is merely cumulative; and (5) whether it constitutes a major part of the defense. Chia v. Cambra, 360 F.3d 997, 1004-05 (9th Cir. 2004).

---

[2] While the petitioner cites to the Daubert case, Daubert does not set a constitutional floor on the admissibility of scientific evidence and does not govern the admission of such evidence in state court proceedings - it only governs the application of Fed.R.Evid. 702 in cases in federal courts.  *See* Logerquist v. McVey, 1 P.3d 113 (Ariz. 2000) (Arizona Supreme Court rejected the use of the Daubert test in applying Ariz.R.Evid. 702).

A balancing of these factors does not establish that any constitutional violation occurred when the splash test evidence was excluded - while the excluded evidence went to the central issue of the petitioner's defense, *i.e.*, that Glazebrook accidently burned herself, the state had a substantial interest in excluding the evidence given that the evidence was not reliable and would not have been capable of being properly evaluated by the jury in light of the various questions about its reliability, and the excluded evidence was not the sole evidence supporting the petitioner's defense on the issue of how Glazebrook got burned because, *e.g.*, Dr. Keen testified that the burn pattern was inconsistent with Glazebrook being in a standing position and was instead more consistent with her being in a recumbent or backward reclining position when she was struck with the boiling water, which cast doubt on the prosecution's theory that the petitioner threw the water on Glazebrook as she walked into the kitchen.

Furthermore, even if the exclusion of the evidence amounted to constitutional error, the erroneous exclusion must have had "a substantial and injurious effect" on the verdict in order to justify federal habeas relief, Brecht v. Abrahamson, 507 U.S. 619, 623 (1993), and the petitioner has made no such showing.[3]

The petitioner's second objection to the Report and Recommendation is a conclusory general objection "to each and every finding by [the Magistrate Judge] concerning preclusion, failure to exhaust[.]" The Court concludes that the Magistrate Judge correctly determined that the merits of claims 1(d), 1(e), 1(k),

---

[3] The Court rejects as meritless the petitioner's contention that the Magistrate Judge's failure to hold a Daubert evidentiary hearing was "manifestly erroneous."

1(l), 1(m), 2(a), 2(b), 2 (c), and 2(e) in the amended petition cannot be reached because the petitioner procedurally defaulted as to those claims and he failed to establish the existence of cause and prejudice or a fundamental miscarriage of justice as to them.  Therefore,

IT IS ORDERED that the Magistrate Judge's Report and Recommendation (doc. #21) is accepted and adopted by the Court.

IT IS FURTHER ORDERED that the petitioner's Amended Petition for Writ of Habeas Corpus by a Person in State Custody Pursuant to 28 U.S.C. § 2254 (doc. #5) is denied and that this action is dismissed.  The Clerk of the Court shall enter judgment accordingly.

DATED this 20th day of November, 2007.

Paul G. Rosenblatt
United States District Judge